IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHELLE LESTER,                    :
    Plaintiff
                                      :

    vs.                             :    CIVIL NO. 1:CV-04-2795

                                       :
HARRISBURG SCHOOL DISTRICT,
    Defendant             :

M E M O R A N D U M

On November 16, 2005, we entered an order, pursuant to *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1992), directing the Plaintiff, Michelle Lester, to file a brief in opposition to the motion to dismiss of the Defendant, the Harrisburg School District. We warned Lester that should she fail to file an opposition brief, we would deem the Defendant's motion as unopposed and grant it pursuant to Local Rule 7.6. Instead of complying Plaintiff now seeks to postpone filing her brief so that she can obtain an administrative record from the Pennsylvania Department of Education.[1]

Lester originally filed her complaint pro se on December 23, 2004. Since she requested in forma pauperis (IFP)

---

[1] A Special Education Appeals Panel of the Pennsylvania Department of Education issued an adverse ruling on February 14, 2005, concerning Plaintiff's complaints. The relevance of this occurance, in the context of our consideration of Defendant's motion to dismiss, is not indicated.

status, we reviewed her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and granted Lester leave to file an amended complaint. Nothing was done until February 17, 2005, when Plaintiff's current counsel entered an appearance. We entered an order on March 9, 2005, directing Plaintiff to serve process on the Defendant.

Despite this order, the Plaintiff did not serve the Defendant. On July 15, 2005, we entered an order informing the Plaintiff that if she did not file and serve her amended complaint, and file a return of service, by August 4, 2005, the case would be dismissed without prejudice. The Plaintiff filed a document on August 4, 2005, which was captioned as her amended complaint yet it contained no averments or allegations. Plaintiff was informed of this and on August 8, 2005, she filed a motion for an extension of time to file her amended complaint stating that counsel for the Plaintiff had computer problems which resulted in counsel's inability to retrieve documents. On August 10, 2005, we granted an extension of time and ordered Lester to file her amended complaint by August 18, 2005, and file a return of service by August 19, 2005.

Plaintiff filed her amended complaint on August 18, 2005. Since this was the filing of an amended complaint, however, a summons did not issue, as the usual practice of the clerk's office is to issue a summons with the original

complaint.[2]  Thus, on September 9, 2005, we ordered that a summons be issued and directed the Plaintiff to serve the Defendant within ten days of the order and file proof of service within fifteen days of the order.  On September 16, 2005, the Plaintiff informed us that the summons contained a clerical error with regard to the amount of time allotted for the Defendant's answer to the complaint.  Pursuant to our order issued September 22, 2005, a new summons was issued and Plaintiff filed proof of service on October 11, 2005.

On October 17, 2005, the Defendant filed its motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff failed to respond to this motion. On November 7, 2005, the Defendant moved to have its motion granted as unopposed.  This motion triggered our order of November 16, 2005, in compliance with the Third Circuit's directive in *Stackhouse*.

As previously noted, the Plaintiff has failed to file a brief in opposition and instead seeks an extension of time (to obtain an administrative record).  Plaintiff's main argument concerning her time for compliance is that even though the Defendant filed its motion through the electronic filing system

---

[2] A summons was not issued with the original complaint since Lester filed her complaint pro se and requested IFP status.

3

on October 17, 2005, Defendant's counsel knew that Plaintiff's counsel would be out of the country until October 24, 2005. Since Defendant's counsel knew of the unavailability of Plaintiff's counsel, service of the Defendant's dismissal motion was not effected until Plaintiff's counsel was able to retrieve the documents on October 24, 2005.  In support of her argument, Plaintiff relies on Federal Rule of Civil Procedure 5(b)(3).

Rule 5(b)(3) provides that "[s]ervice by electronic means under Rule 5(b)(2)(D) is not effective if the party making the service learns that the attempted service did not reach the person to be served."  This rule, however, is in place for situations where electronic transmission actually fails.  *see* Fed. R. Civ. Pro. 5, Advisory Committee Notes, 2001 Amend.[3] That is not what happened in this case.  Additionally, as noted by the Defendant, Local Rule 5.7 provides that "[t]ransmission

---

[3] "Paragraph (3) addresses a question that may arise from a literal reading of the provision that service by electronic means is complete on transmission. Electronic communication is rapidly improving, but lawyers report continuing failures of transmission, particularly with respect to attachments. Ordinarily the risk of non-receipt falls on the person being served, who has consented to this form of service. But the risk should not extend to situations in which the person attempting service learns that the attempted service in fact did not reach the person to be served. Given actual knowledge that the attempt failed, service is not effected. The person attempting service must either try again or show circumstances that justify dispensing with service."  Fed. R. Civ. Pro. 5, Advisory Committee Notes, 2001 Amend.

of the Notice of Electronic Filing constitutes service of the filed document upon each party in the case who is registered as a Filing User."  The exhibits provided by Plaintiff's counsel clearly show that the filing notice was received on October 17, 2005, and that counsel is a registered user of the filing system.  (Doc. 26, Pl. Response, Exs. A & B).  Even assuming that Plaintiff is correct, and service was not effected until October 24, 2005, her brief would have been due no later than November 14, 2005.  Plaintiff had still failed to responded to the Defendant's motion to dismiss when we extended time in our November 16, 2005, *Stackhouse* order.

Plaintiff also contends that she is entitled to the protections of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11431, *et seq*.  However, Plaintiff has not offered any suggestion as how this Act affords her protection from Defendant's motion to dismiss.  Finally, Plaintiff maintains that a delay in the case is necessary because the filing of a certified copy of the state administrative record is required before the Defendant can file its motion to dismiss.  This contention has never been raised before and no authority for it has been submitted.  In any event a motion to dismiss addresses the complaint on its face.  *See, e.g., Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993)("A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint.").

Having considered the tortured history of this case, and Plaintiff's failure to comply with prior orders, we will grant the Defendant's motion to dismiss, in accordance with our November 16, 2005, order.

We will enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 12, 2005

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHELLE LESTER,                  :
      Plaintiff
                                      :

      vs.                         :   CIVIL NO. 1:CV-04-2795

                                      :
HARRISBURG SCHOOL DISTRICT,
      Defendant                   :

O R D E R

AND NOW, this 12th day of December, 2005, upon consideration of the record in this case it is Ordered that Defendant's motion to dismiss is deemed unopposed and is granted, pursuant to Local Rule 7.6.

The Clerk of Court shall close this file.

                                        /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge